**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| SAMUEL WALKER, | ] | |
| | ] | |
| Movant, | ] | |
| | ] | |
| vs. | ] | CR-03-RBP-RRA-108-S |
| | ] | |
| UNITED STATES OF AMERICA, | ] | |
| | ] | |
| Respondent. | ] | |

**<u>MEMORANDUM OPINION</u>**

This is a motion to vacate, set aside, or correct a sentence brought by a federal prisoner, pursuant to 28 U.S.C. § 2255.  The movant, Samuel Walker, was convicted in this court on April 24, 2003, on his plea of guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)(Count One).  Walker was sentenced on August 28, 2003, to a term of imprisonment for 180 months, to be followed by a 36-month term of supervised release. The Eleventh Circuit Court of Appeals affirmed Walker's conviction and sentence on August 27, 2004.

On January 7, 2005, Walker filed a "Motion to Correct Unlawful Sentence" and an "Addendum" to the motion.  In the motion, Walker argues that he was sentenced as an armed career offender in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 124 S. Ct. 2531 (2004).  In the addendum, he claims that the court "failed to apprise [him] that because of his prior convictions, he was subject to the penalties of enhancement based on being a[n] armed career offender" and that he was improperly sentenced as an armed career offender because none of his prior convictions was a federal drug offense.  In response to the motion, the United States

argued that neither *Apprendi*, *Blakely*, nor *Booker v. United States,* 125 S. Ct. 738 (2005) applied to the movant's sentence.

On August 16, 2005, the court entered the following order denying Walker's motion:

> The Motion to Correct Unlawful Sentence filed by the defendant, Samuel Walker on January 8, 2005 is DENIED.  The court reiterates that it is of the opinion that the sentence is too harsh.  However, the court has no authority to reduce it.

Walker filed a notice of appeal on August 25, 2005.

On January 6, 2006, while the appeal was still pending, Walker filed a "Motion for Booker Relief," arguing as follows:

> Comes Now, Samuel Walker, referred to as "Defendant," acting Pro se, and hereby respectfully moves this Honorable Court to exercise its equitable powers to facilitate *United States v. Booker*, 125 S. Ct. 738 (2005) relief in this case.

> Defendant submits that his sentence was accomplished by utilizing the preponderance  of evidence standard when the U. S. Sentencing Guidelines were mandatory.  It is absolutely clear, at this time, that applying the then mandatory guidelines by a preponderance of the evidence violated the Sixth Amendment to the U. S. Const[itution]. Thus, subjecting defendant to enhancements not determined beyond a reasonable doubt, in excess of the maximum set forth in the mandatory guidelines.

> WHEREFORE, defendant prays that the Court will invoke its equitable jurisdiction and grant appropriate relief.

In a separate motion, filed simultaneously with his motion for *Booker* relief, Walker acknowledged that *Booker* does not apply retroactively to cases on collateral review.  However, he requested that the court hold his motion for *Booker* relief in abeyance indefinitely, on the chance that the Supreme Court might one day hold that *Booker* applies retroactively.  On February 24, 2006, the court denied Walker's motion to hold his motion for *Booker* relief in abeyance indefinitely.

On March 3, 2006, the court entered an order denying Walker's motion for *Booker* relief. In the order, the court noted that the motion was apparently filed pursuant to 28 U.S.C. § 2255, and that the appeal of Walker's "Motion to Correct Unlawful Sentence" was still pending.  The court denied the motion for *Booker* relief because Walker had not obtained permission from the Eleventh Circuit Court of Appeals to file a successive motion to vacate his conviction and because his first motion was still pending in the appellate court.

Unknown to the court at the time it denied Walker's "Motion for *Booker* Relief," the Eleventh Circuit Court of Appeals had issued an opinion in the appeal of Walker's "Motion to Correct Unlawful Sentence" on February 17, 2006.  In that opinion, the appellate court found that "[b]ecause the district court denied Walker's motion without explaining the source of its jurisdiction or the basis on which it make its decision, we do not know whether the district court construed Walker's motion as a § 2255 motion or whether it denied the motion on the basis of some other authority."  The appeals court remanded the case back to this court "for further proceedings."  The appellate court ordered that:

> On remand, the district court should either state that it is construing Walker's motion as a § 2255 motion, give Walker the *Castro* warnings, and construe any subsequent notice of appeal as an application for a COA, or, if it chooses not to proceed under § 2255, either (1) explain the basis for its jurisdiction, or (2) dismiss Walker's motion for lack of jurisdiction.

The opinion was issued as a mandate on April 11, 2006.

On March 16, 2006, Walker filed a "Motion for Reconsideration" of the court's March 3, 2003 denial of his "Motion for *Booker* Relief."  In that motion, Walker argued that his "Motion for *Booker* Relief" could not have been a successive § 2255 motion because of the appellate court's decision on the appeal of his "Motion to Correct Unlawful Sentence."  Because the court was

3

unaware of the remand of the "Motion to Correct Unlawful Sentence" when it issued its order denying the "Motion for *Booker* Relief," the March 3, 2003 order denying Walker's "Motion for *Booker* Relief" was set aside in an order entered on May 15, 2006.

Furthermore, in the May 15, 2006 order, Walker was advised that the court was construing his "Motion to Correct Unlawful Sentence" as a § 2255 motion to vacate his sentence, and that his "Motion for *Booker* Relief" was also being treated as part of his § 2255 motion to vacate. Walker was advised that the recharacterization of his motion as a § 2255 motion meant that "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." *Castro v. United States*, 540 U.S. 375, 383 (2003). Walker was given time in which to "withdraw the motion or to amend it so that it contains all the Section 2255 claims he believes he has." *Id*.

On September 1, 2006, Walker filed an amended motion to vacate, accompanied by a brief. In his amended motion and brief, Walker claims the following:

> 1. he was sentenced as an armed career offender in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *Booker v. United States,* 125 S. Ct. 738 (2005);

> 2. his lawyer ineffectively assisted him by "failing to investigate and file a motion for downward departure," "failing to investigate his prior criminal record to determine ACCA status before advising movant to plead guilty," "failing to investigate and submit available evidence to support objections to ACCA treatment," "failing to familiarize himself with Supreme Court authority and apply same to objection," and "failing to appeal the issue as to whether he qualified for ACCA treatment"; and

> 3. his guilty plea was not knowingly and voluntarily made because his attorney advised him that he would be sentenced to no more than thirty-seven months in prison because he thought his prior convictions were too old to be used for enhancement purposes.

In response to the court's order to show cause, the respondent filed an answer in which it maintains that the motion to vacate is due to be denied because his claims are either without merit or barred by the statute of limitations.  In response, Walker has filed an unsworn traverse.[1]

Walker first claims that he was sentenced as an armed career offender in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *Booker v. United States,* 125 S. Ct. 738 (2005).  Specifically, he alleges the following:

> Movant asserts that the court's conclusion that he was a[n] armed career criminal entailed facts beyond the "fact of a prior conviction," namely that his prior convictions contained "physical violence or threat[s] of physical violence."  [See Sentencing Hearing transcripts @ pp 2 - 5] see *United States v. Ngo*, 406 F.3d 839 (7th Cir. 2005).
>
> Movant did not admit, during the Rule 11 hearing that his prior convictions involved violence or the threat of violence. Thus, under the teachings of *Apprendi*, *Blakely*, and *Booker*, the conviction/sentence violates Movant's Fifth and Sixth Amendment rights and must be vacated.  The cases apply retroactive [sic].

Movant's Memorandum in Support of Motion to Vacate, Court Document 8, p. 5.

Walker pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He was sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e)(1).[2]  Section 924(e) provides:

> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

---

[1]  Walker filed his traverse on January 12, 2007.  (Court Document 13).  On March 26, 2007, Walker filed an identical copy of his original traverse, noting that it was being "resubmitted due to duplicate copy of government's response being mailed to movant on 3/7/2007."  (Court Document 15).

[2]  As shown in the presentence report, Walker had dozens of prior convictions.

5

(2) As used in this subsection--

. . .

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Title 18 U.S.C. § 924(e).

Walker claims that the trial court's determination that his numerous prior burglary convictions were "violent felonies" for purposes of the Armed Career Criminal Act violated *Apprendi*, *Blakely*, and *Booker* because the determination involved more than the "fact of a prior conviction" and he did not admit that the prior convictions involved violence. This argument is without merit.

In *Almendarez-Torres v. United States*, the Supreme Court held that a prior conviction is not a fact which must be admitted by a defendant or found by a jury beyond a reasonable doubt. 523 U.S. 224, 258, 118 S. Ct. 1219, 1238, 140 L. Ed. 2d 350 (1998). In addition, the Supreme Court held that an earlier conviction, which merely authorizes a court to increase a sentence for recidivism, is not required to be alleged in the indictment. *Almendarez-Torres*, 523 U.S. at 226, 118 S. Ct. at 1222. In its subsequent seminal decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the Supreme Court reaffirmed the holding in *Almendarez-Torres*. *See United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005). In *Apprendi*, the Court held that "[o]ther than the fact of a prior conviction,

any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63 (emphasis added). The Court revisited *Apprendi* in *Blakely*, clarifying "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant[;]" it did not disturb *Apprendi's* exception for prior convictions. *Blakely*, 542 U.S. at 303, 124 S. Ct. at 2537 (emphasis added). Subsequently, in *Booker*, the Court held that *Blakely* applied to the Federal Sentencing Guidelines and reaffirmed its holding in *Apprendi*. 543 U.S. at 243-44, 125 S. Ct. at 755-56.

Shortly after handing down its decision in *Booker*, the Supreme Court decided *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005). In *Shepard*, the Supreme Court limited the types of evidence a district court can constitutionally consider to determine whether a prior burglary conviction qualifies as a violent felony for purposes of the Armed Career Criminal Act ("ACCA") where the statutory definition of burglary includes both violent and non-violent conduct. *Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263. A plurality of the Court explained that, while a dispute over whether a burglary was a violent felony, for purpose of the ACCA, could be "described as a fact about a prior conviction, it [was] too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to *Jones* [*v. United States*, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999) ] and *Apprendi* to say that *Almendarez-Torres* clearly authorizes a judge to resolve the dispute." *Shepard*, 544 U.S. at 25, 125 S. Ct. at 1262.

Since *Shepard*, we have consistently held that *Almendarez-Torres* remains good law "until the Supreme Court determines that *Almendarez-Torres* is not controlling precedent." *United States v. Orduno-Mireles*, 405 F.3d 960, 963 (11th Cir.), *cert. denied*, --- U.S. ----, 126 S. Ct. 223, 163 L. Ed. 2d 191 (2005). *See also United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n. 3 (11th Cir.), *cert. denied*, --- U.S. ----, 126 S. Ct. 457, 163 L. Ed. 2d 347 (2005)("Although recent decisions, including Shepard . . ., may arguably cast doubt on the future prospects of *Almendarez-Torres's* holding regarding prior convictions, the Supreme Court has not explicitly overruled *Almendarez-Torres*. As a result, we must follow *Almendarez-Torres*.") (citations omitted). Further, this Court has held that, for ACCA purposes, district courts may determine both the existence of a conviction and the nature of a conviction, to the extent it appears in the "statutory elements, charging documents, any plea agreement and colloquy or jury instructions, or comparable judicial record." *United States v. Greer*, 440 F.3d 1267, 1275 (11th Cir. 2006). Therefore, " *Shepard* does not bar judges from finding whether prior convictions qualify for ACCA purposes; it restricts the sources or evidence that a judge (instead of a jury) can consider in making that finding." *Id*.

*United States v. Pinkney*, 208 Fed. Appx. 745, 746-747 (11th Cir. 2006).

It was clearly proper for the court to determine both the fact and nature of Walker's prior convictions for ACCA purposes. *Shepard* does not bar judges from deciding whether prior convictions qualify for ACCA purposes, *United States v. Greer*, 440 F.3d 1267, 1275 (11th Cir. 2006), rather *Shepard* restricts the sources or evidence that a judge can consider in making that finding. *Id*.

It is clear from the statutory elements of burglary in Alabama that burglary qualifies as a violent felony for ACCA purposes. In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court defined burglary for purposes of § 924(e)(2)(B)(ii) as follows:

> Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime. *See LaFave & Scott supra*, n.3, § 8.13(a), p. 466 (modern statutes "generally require that the entry be unprivileged"); *id*., § 8.13(c), p. 471 (modern statutes "typically describe the place as a 'building' or 'structure'"); *id*., § 8.13(e), p. 474 ("[T]he prevailing view in the modern codes is that an intent to commit any offense will do").
>
> . . .
>
> We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

*Taylor*, 495 U.S. at 598 (footnote omitted). Walker's prior Alabama burglary convictions specifically fit within the *Taylor* definition, in that burglary in Alabama occurs when a person "knowingly enters or remains unlawfully in a building with intent to commit" theft, a felony, or other crime therein. *Alabama Code* §§ 13A-7-6(a) and 13A-7-7(a). Therefore, based upon the statutes

alone, the burglary convictions qualified as violent offenses for ACCA purposes and were properly used to sentence Walker as an armed career criminal.

Because Walker was properly sentenced as an armed career criminal, his claims that his lawyer ineffectively assisted him by "failing to investigate and file a motion for downward departure," "failing to investigate his prior criminal record to determine ACCA status before advising movant to plead guilty," "failing to investigate and submit available evidence to support objections to ACCA treatment," "failing to familiarize himself with Supreme Court authority and apply same to objection," and "failing to appeal the issue as to whether he qualified for ACCA treatment" are without merit.

The petitioner's remaining claim, that his guilty plea was not knowingly and voluntarily made because his attorney advised him that he would be sentenced to no more than thirty-seven months in prison and because he thought his prior convictions were too old to be used for enhancement purposes, is barred by the statute of limitations.  Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") made several changes in the law relating to habeas corpus procedure.  The AEDPA amended 28 U.S.C. § 2255 to read in part, as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable
to cases on collateral review; or

>          (4) the date on which the facts supporting the claim or claims
>          presented could have been discovered through the exercise of due
>          diligence.

Walker's conviction became final on November 26, 2004, when the time in which he could have filed a petition for a writ of certiorari to the United States Supreme Court expired.  Thus, the one-year limitations period began running on November 26, 2004 and expired on November 28, 2005.  Although Walker's original motion was timely filed on January 7, 2005, his "Motion for Booker Relief" and his amended motion to vacate were not filed until January 6, 2006 and September 1, 2006, respectively.  Walker's involuntary guilty plea claim was first raised in his amended motion to vacate.  Therefore, it was raised after the expiration of the limitations period.

New claims raised in an amended § 2255 motion will relate back to the original motion and be considered timely filed if they "arise from the 'same core facts,' and [do] not depend upon events which are separate both in time and type from the events upon which the original claims depended." *Mayle v. Felix*, 125 S. Ct. 2562, 2570 (2005).

> [F]or an untimely § 2255 claim to "relate back" under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings.  Instead, in order to relate back, the untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type."

*Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)(citations omitted).

Walker's involuntary guilty plea claim does not arise from the same set of facts as the claims raised by Walker in his timely-filed original motion.  As a result, the claim does not relate back to the date of his timely filed § 2255 motion and is, therefore, time-barred under the AEDPA.

Moreover, even if the involuntary guilty plea claim were not barred by the statute of limitations, it would be due to be dismissed because it is without merit.  Walker claims that his plea was involuntary because his attorney advised him that he would be sentenced to no more than thirty-seven months in prison and because he thought his prior convictions were too old to be used for enhancement purposes.  However, the court clearly informed Walker that he faced a maximum sentence of ten years in prison unless he had qualifying prior convictions, in which case he faced a minimum of fifteen years in prison.

> **THE COURT**: Do you understand, Mr. Walker, that the maximum possible punishment and penalty for the offense with which you are charged based on the charge itself if custody with the Bureau of Prisons for not more than 10 years or a fine of not more than $250,000 or both?
>
> **THE DEFENDANT:** Yes, sir.
>
> **THE COURT**: And do you understand that it calls for a supervised release term of not more than 3 years?
>
> **THE DEFENDANT:** Yes, sir.
>
> **THE COURT**: And do you understand that what is meant by supervised release is that if you are sentenced to prison time, upon your release from prison, you would be under supervised release for not more than 3 years; and if during that period of time you violated a condition of supervised release, you would be subject to going back to prison.
>
> **THE DEFENDANT:** Yes, sir.
>
> **THE COURT**: And you understand the court will have to impose an assessment fee of $100?
>
> **THE DEFENDANT:** Yes, sir.
>
> **THE COURT**: Now, Mr. Walker, I need to tell you something else; and whether this applies is something that I can't tell you whether it does or does not apply.  But, I can tell you that it may apply.  So you need to listen carefully to this before you make a final decision about whether you want the court to accept your plea of guilty.  You

have been charged with an offense under Title 18, United States Code, Section 922(g).  Now, there will be a presentence investigation.  If during the course of that investigation it is determined that you have been convicted on some previous occasions before this offense with which you are charged in this indictment and if it's determined that three of those prior convictions consisted either of violent felonies, that is, an offense that involved violence or the potential for violence, and/or serious drug offenses, or a combination of them.  It could be two violence and one drug or two drugs and one violence, if it's either serious drug offense, drug trafficking.  If it's determined that you have had three prior convictions of that type or a combination of those types prior to this offense with which you are charged in this indictment, there's a possibility that you could be subject to a higher penalty than what I just told you; and that final determination can't be made until there has been a presentence report prepared and a sentencing hearing conducted.  Now, you will have the right to object to that, but you may or may not be able to sustain your objection.  Now, if you are found subject to that, then the penalty, instead of what I just told you earlier, instead of it being that, the penalty becomes not less than 15 years and not more than life.

**THE DEFENDANT**: Yeah.

**THE COURT**: Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: And do you understand that if that is found to be the case, that that sentence would become mandatory?  In other words, the court would have to apply not less than 15 and not more than life.  Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: Now, as I've said, that penalty depends on whether or not you have had those convictions or not.  But I need to tell you that if you are subject to that penalty, then your maximum sentence would become not less than 15 and not more than life.  Do you understand that?

**THE DEFENDANT**: Yes, sir.

**THE COURT**: Okay.  And have you and your attorney talked about how the sentencing guidelines might apply to your case?

**THE DEFENDANT**: Yes, sir.

> **THE COURT**: And do you understand it's not presently possible for me to tell you what the guideline sentence for your case is and that that can only be done after a presentence report has been prepared?
>
> **THE DEFENDANT**: Yes, sir.
>
> **THE COURT**: And you understand that process will be that the probation office will prepare a presentence report.  You and your attorney will have at least 35 days to examine that report.  You can object to what's in it, and so can the government. If there are objections, the court will have to conduct a hearing and make a final determination.  Do you understand that?

*Transcript of Plea Proceeding*, at 6-10.  Thus, even if Walker's attorney led him to believe that he would be sentenced to no more than thirty-seven months in prison or that his prior convictions were too old to be used for enhancement purposes, he suffered no prejudice from the misinformation since the court clearly explained the range of sentence to him and that his sentence could be enhanced if he had three prior convictions for violent felonies or serious drug offenses, and Walker stated that he understood.

Finally, out of an abundance of caution, the court will address the claims raised by Walker in the January 7, 2005, "Addendum" to his  "Motion to Correct Unlawful Sentence."   In the addendum, he claims that the court "failed to apprise [him] that because of his prior convictions, he was subject to the penalties of enhancement based on being a[n] armed career offender" and that he was improperly sentenced as an armed career offender because none of his prior convictions was a federal drug offense.  Although Walker did not specifically present these claims in his amended motion to vacate, they were raised in the addendum, within the limitations period, so the court will address them now rather than having Walker return later to claim that he did intend to raise the claims.

Walker's claim that the court "failed to apprise [him] that because of his prior convictions, he was subject to the penalties of enhancement based on being a[n] armed career offender" is without merit. As evidenced on pages 7 - 10 of the sentencing transcript referenced above, Walker was clearly informed that if he had certain prior convictions his sentence would be enhanced. The court did everything within its power to ensure that Walker was aware that his sentence would be enhanced to a minimum of fifteen years if he had three prior convictions for violent felonies or serious drug offenses.

Walker's claim that he was improperly sentenced as an armed career offender because none of his prior convictions was a federal drug offense is likewise without merit. Section 924(e) provides:

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

(2) As used in this subsection--

(A) the term "serious drug offense" means--

(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled

Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

There is no requirement in 18 U.S.C. § 924(e) that the prior convictions be for federal drug offenses.

For the foregoing reasons, the motion to vacate is due to be DENIED.  An appropriate order will be entered.

DONE this 12th day of September, 2007.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

15